**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
4 B's REALTY 1530 CR39, LLC,

       Plaintiff,

   -against-

ANGELO TOSCANO, SOUTHAMPTON BRICK
& TILE, LLC, UNITED STATES OF AMERICA,
STATE OF NEW YORK, ABC CORP., XYZ
CORP. (Said names being fictitious, it being the
intention of Plaintiff to designate any and all
occupants or premises being foreclosed herein, and
any parties, corporations or entities, if any, having
or claiming an interest or lien upon the Mortgaged
Premises.),

       Defendants.
-------------------------------------------------------------X
ANGELO TOSCANO,

       Third-Party Plaintiff,

   -against-

BERT E. BRODSKY and BARNETT BROWN,

       Third-Party Defendants.
-------------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
08-CV-2694 (ADS)(ETB)

**APPEARANCES:**

**Lynn, Gartner & Dunne, LLP**
Attorneys for the Plaintiff and Third-Party Defendants Bert E. Brodsky and Barnett Brown
330 Old Country Road, Suite 103
Mineola, NY 11702
  By: Stephen W. Livingston, Esq, Of Counsel

**Richard A. Kraslow, P.C.**

Attorney for Defendant Angelo Toscano
425 Broad Hollow Road, Suite 206
Melville, NY 11747
    By: Richard A. Kraslow, Esq., Of Counsel

**Brody, O'Connor & O'Connor**
Attorneys for Defendant Southampton Brick and Tile, LLC
7 Bayview Avenue
Northport, NY 11768
    By: Aisha K. Brosnan, Esq., Of Counsel

**U.S. Department of Justice, Tax Division**
Attorneys for Defendant United States of America
Ben Franklin Station, P.O. Box 55
Washington, DC 20044
    By: Joseph Rodriguez, Esq., Trial Attorney

**SPATT, District Judge**.

The present action, which was removed from New York State Supreme Court, Suffolk County ("the Supreme Court"), is but one of several contentious litigations between the business partners of Southampton Brick and Tile, Inc. ("SBT"). Prior to removal, the Supreme Court denied a motion by 4B's Realty 1530 CR 39, LLC ("the Plaintiff"), to foreclose on a property that was owned by its business partner Angelo Toscano ("Toscano"). Presently before the Court is the Plaintiff's motion for reconsideration of the Supreme Court's decision. Upon reconsideration, the Plaintiff's motion for summary judgment of foreclosure is granted.

## I. BACKGROUND

SBT, a wholesaler and retailer of masonry and tile products, is the tenant at 1530 County Road 39, a property in Southampton that was, prior to December of

2008, owned by Toscano. Toscano owns a 50% stake in SBT while the remaining interest is held by a separate corporation controlled by Bert E. Brodsky ("Brodsky") and Barnett Brown ("Brown").

In 2004, Toscano executed a promissory note ("the Note") with HSBC Bank ("HSBC") that was secured by a mortgage on the Southampton property. The Note was guaranteed by SBT, Brodsky and Brown. On or about March 31, 2007, Toscano defaulted on the Note. As guarantors, Brodsky and Brown were required to satisfy Toscano's obligations to HSBC. In exchange for satisfying the loan terms, HSBC subsequently assigned the mortgage on the property to the Plaintiff, a corporation in which Brodsky and Brown were the principals.

In November of 2007, the Plaintiff commenced a mortgage foreclosure action in the Supreme Court. In that action, Toscano asserted a counterclaim for fraud as well as a third-party claim against Brodsky and Brown. In April of 2008, the Plaintiff moved for summary judgment on the foreclosure. In an Order dated June 19, 2008, the Supreme Court denied the Plaintiff's motion.

Although the Supreme Court recognized that the Plaintiff had established a prima facie showing of its entitlement to summary judgment, it found that Toscano's affidavit in opposition raised a triable issue of fact as to whether his default was procured by fraud on the part of Brodsky and Brown. The Supreme Court apparently believed that there was a triable issue as to whether Brodsky and Brown fraudulently

deprived Toscano of the money necessary to pay the Note by ousting Toscano from SBT; refusing to pay rent on the property; and refusing to pay him any income from SBT. On June 30, 2008, the Plaintiff moved for reargument of the motion in the Supreme Court. However, while the Plaintiff's motion for reargument was pending, the United States, which had been named as a Defendant because of a tax lien recorded on the property, removed the action to this Court in July of 2008.

On December 23, 2008, Toscano entered into a contract for the sale of the Southampton property. At the closing, Toscano instructed the purchaser to tender two separate checks to the Plaintiff totaling $2,230,735.97; the amount Toscano alleges the Plaintiff demanded to satisfy the debt. However, in a letter dated December 22, 2008, Toscano's attorney, Richard Kraslow ("Kraslow"), informed the Plaintiff that his client "contests the validity of the amount claimed to be due and owing by [the Plaintiff] and expressly reserves his right to contest Plaintiff's claims for interest, legal fees and/or late charges." By letter dated December 23, 2008, the Plaintiff advised Toscano that it would not accept his tender. On January 6, 2009, the Plaintiff sought reconsideration of its motion for summary judgment of foreclosure in this Court.

## II. DISCUSSION

**A.     Standard - Motion for Reconsideration**

The Second Circuit has recognized that "removed proceedings arrive in federal court in the procedural posture they had in state court." D.H. Blair & Co., Inc. v.

4

Gottdiener, 462 F.3d 95, 108 (2d Cir. 2006); see Miller v. Steloff, 686 F. Supp. 91, 93 (S.D.N.Y. 1988) ("A federal court to which a state action is removed takes the action in the posture in which it existed when it is removed from a state court's jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal."). "Upon removal, the orders entered by the state court are treated as though they had been entered by the federal court." Nasso v. Seagal, 263 F. Supp. 2d 596, 608 (E.D.N.Y. 2002). Here, at the time this action was removed, the Plaintiff's application for reargument of its summary judgment motion was pending before the Supreme Court. It is therefore appropriate for the Plaintiff to now seek reconsideration of its summary judgment motion in this Court. See Id. (quoting In re Diet Drugs, 282 F.3d 220, 241-42 (3d Cir.2002)) ("Because the 'Rooker-Feldman doctrine does not work to defeat a district court's authority over the management of its own case,' even where the exercise of such management 'has the secondary effect of voiding a state court determination,' the doctrine does not preclude this Court from reviewing orders that were entered prior to removal.").

A motion for reconsideration in the Eastern and Southern Districts of New York is governed by Local Civil Rule 6.3. In general, "[t]he standard for granting [a motion for reconsideration or reargument] is strict, and reconsideration [or reargument] will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  However, "[a] motion for reconsideration may also be granted to 'correct a clear error or prevent manifest injustice.'"  Gibson v. Comm'r of Mental Health, 2009 WL 331258, at * 2 (S.D.N.Y. Feb. 11, 2009) (quoting Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  Ultimately, the decision of whether to grant a motion for reconsideration rests within the sound discretion of the district court.  Kapsis v. Bloom, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009).

**B.     Whether Toscano's Tender Precludes Foreclosure**

Toscano contends, as a threshold matter, this his tender of $2,230,735.67 satisfies his obligation on the Note and therefore moots the Plaintiff's attempt to foreclose on the Southampton property.  The Plaintiff contends that Toscano's offer of payment was not a tender because it was conditioned on his right to contest the amount due.  A tender, by definition, is "an *unconditional* offer of payment, consisting in the actual production . . . of a sum not less than the amount due on a specific debt or obligation."  Kochisarli v. Tenoso, 2008 WL 1882662, at *3 (E.D.N.Y. 2008) (citing 83 N.Y. Jur. 2d Payment and Tender § 118) (emphasis added); see Jeferne, Inc. v. Capanegro, 96 A.D.2d 577, 578, 465 N.Y.S.2d 270, 271-72 (2d Dep't 1983) (observing that, in order to be effective, a tender must be unconditional).

Here, it is clear from Kraslow's letter that Toscano's tender was conditioned upon his right to contest the amount due. The Plaintiff was therefore justified in refusing such a tender because it was not a valid satisfaction of Toscano's alleged debt. Having determined that Toscano's conditional tender does not moot the Plaintiff's foreclosure application, the Court now turns to the merits of the Plaintiff's motion for reconsideration.

**C.      The Plaintiff's Motion for Reconsideration**

The Plaintiff's motion for reconsideration rests on two grounds: (1) that documentary evidence not offered in their motion to the Supreme Court casts doubt on Toscano's fraudulent inducement defense; and (2) that Toscano's "bare" and "conclusory" allegations of fraud were insufficient to create a triable issue of fact. The Court will address both of these arguments in turn.

   **1. The Plaintiff's "New" Evidence**

The Plaintiff points to two pieces of evidence that it did not offer in its application to the Supreme Court that purportedly cast doubt upon the strength of Toscano's fraud allegation. First, the Plaintiff highlights a decision in <u>Southampton Brick & Tile, LLC v. Southampton Tile & Marble Corp. and Angelo Toscano</u>, Index No. 20976/01, Supreme Court, Suffolk County (Whelan, J.), a matter involving the same parties as the instant case. In that case, SBT sought, among other forms of relief, to obtain an injunction preventing Toscano from participating in the business

operations of SBT. For the purposes of this motion, it suffices to explain that Justice Whelan found that SBT had acted properly under SBT's operating agreement in terminating Toscano. The Plaintiff appears to allege that this finding is relevant here because it contradicts Toscano's claim that he defaulted on the Note in part because he was improperly removed from SBT.

Second, the Plaintiff draws the Court's attention to the assignment of leases and rents between HSBC and Toscano. In particular, the Plaintiff points out that the document provides that if Toscano defaulted only the mortgagee would be entitled to any rents owed to Toscano by the tenant. The Plaintiff contends that, therefore, even if SBT had failed to pay its rent, these payments would be owed to the Plaintiff as the mortgagee by assignment and not to Toscano. The Plaintiff contends that this fact undercuts Toscano's argument that he defaulted because SBT failed to pay him rents owed.

The Plaintiff concedes that neither piece of evidence is newly discovered. See Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992) (noting that one of the primary grounds for reconsideration is the availability of new evidence). This is instead a situation where the Plaintiff asks the Court to consider evidence that was within Plaintiff's possession, but ultimately not offered in the initial motion. In urging the Court to consider such evidence, the Plaintiff cites to several state cases interpreting N.Y. CPLR § 2221 which hold that a

party "may offer facts known to the movant at the time of the original motion where the movant offers a reasonable justification for the failure to submit the additional facts on the original motion." See Progressive Northeastern Ins. Co. v. Frenkel, 8 A.D.3d 390, 391, 777 N.Y.S.2d 652 (2d Dep't 2004) (citing Bloom v Primus Automotive Fin. Servs., 292 A.D.2d 410, 738 N.Y.S.2d 861 (2d Dep't 2002)).

However, Local Civil Rule 6.3 provides no such exception to the well-settled rule that the federal courts may only entertain *newly discovered* evidence on a motion for reconsideration. See Greenblatt v. Gluck, 265 F. Supp. 2d 346, 350 (S.D.N.Y. 2003) (observing that Local Civil Rule 6.3 is designed to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."). Even if Local Civil Rule 6.1 did mirror the provisions of N.Y. CPLR § 2221, the Plaintiff has failed to persuade the Court that it had a reasonable justification for not offering this evidence in its initial motion for summary judgment. Once the Plaintiff realized that Toscano's opposition papers raised a fraudulent inducement defense, it was incumbent upon the Plaintiff to offer any evidence in its possession that might refute that defense. The Court will therefore not consider Justice Whelan's findings or the assignment of leases and rents executed between Toscano and HSBC.

**2. Whether Toscano Has Raised a Genuine Issue of Material Fact**

As a preliminary matter, the Court notes that while substantive New York law should be applied in a diversity action removed to federal court, the question of whether to grant or deny summary judgment is governed by Fed. R. Civ. P. 56. <u>Miller v. Steloff</u>, 686 F. Supp. 91, 92 n.1 (S.D.N.Y. 1988). It is well-settled that summary judgment is proper only where no genuine issue of material fact exists to present to the trier of fact. Fed. R. Civ. P. 56(c); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). On a summary judgment motion, the moving party bears the burden of establishing that there is no genuine issue of material fact. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, once the moving party has offered evidence that there exists no genuine issue of material fact, the burden shifts to the non-moving party to provide evidence that a genuine, triable issue remains. <u>Id</u>. at 250. The non-moving party cannot defeat summary judgment with nothing more than unsupported assertions or the allegations in its pleadings. Fed. R. Civ. P. 56(e); <u>Cifarelli v. Vill. of Babylon</u>, 93 F.3d 47, 51 (2d Cir. 1996).

Under New York law, "[i]n order to establish its prima facie entitlement to summary judgment in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of default." <u>U.S. Bank Nat. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v. Alvarez</u>, 49 A.D.3d 711, 854 N.Y.S.2d 171 (2d Dep't 2008). Once the plaintiff has established its prima facie entitlement to summary

judgment, "[t]he burden then shifts to the defendant to demonstrate 'the existence of a triable issue of fact as to a bona fide defense to the action.'" Rose v. Levine, 52 A.D.3d 800, 801, 861 N.Y.S.2d 374 (quoting Mahopac Nat. Bank v. Baisley, 244 A.D.2d 466, 664 N.Y.S.2d 345 (2d Dep't 1997)). Here, the parties do not dispute that the Plaintiff has established its prima facie entitlement to summary judgment. However, in his opposition papers, Toscano sought to raise a genuine issue as to whether his default was induced by fraud on the part of Brodsky and Brown.

In order to state a claim for fraudulent inducement under New York law a plaintiff must successfully allege: "(1) a knowingly false representation of a material fact and (2) detrimental reliance thereon." Fax Telecommunicaciones Inc. v. AT & T, 138 F.3d 479, 490 (2d Cir.1998); see Robinson v. Deutsche Bank Trust Co. Americas, 572 F. Supp. 2d 319, 322 (S.D.N.Y. 2008) (noting that a plaintiff must show that his reliance was reasonable). A plaintiff asserting a common-law fraud claim in the federal courts must comply with Fed. R. Civ. P. 9(b) by stating the circumstances of the fraud with particularity. Bui v. Indus. Enter. of America, Inc., 2009 WL 130180, at *6 (S.D.N.Y. Jan. 15, 2009); see also N.Y. CPLR § 3016(b) (providing that where a defense is based upon a fraud or misrepresentation "the circumstances constituting the wrong shall be stated in detail.").

Toscano alleges that on October 6, 2006, he met with Brodsky and Brown for the purpose of negotiating the liquidation of SBT. Toscano alleges that at the meeting

Brodsky represented to him that he was a member of HSBC's board of directors. Toscano further alleges that Brodsky represented that he would arrange for HSBC, among other things, to defer any interest due on the Note and place a moratorium on any Note payments. Toscano claims that these oral representations were false and that he justifiably relied on them in not paying the Note. Toscano further alleges that Brodsky made these representations in order to induce him to stop making payments on the Note as part of a larger scheme to defraud him out of the subject property.

Here, the Note contained a merger clause that precluded oral modification of its terms. Although the parol evidence rule does not preclude Toscano from alleging that he was induced by fraudulent oral representations even where the Note contained a general merger clause, he still has the burden to show that his reliance on the alleged oral representations was reasonable. Massaro v. Detroit Diesel Corp., 116 F.3d 1472 (2d Cir. 1996) (citing Dannan Realty Corp. v. Harris, 5 N.Y.2d 317, 320, 157 N.E.2d 597, 598, 184 N.Y.S.2d 599, 602 (1959), and Banque Arabe et Internationale D'Investissement v. Maryland National Bank, 57 F.3d 146, 153 (2d Cir.1995)). In this case, Toscano offers no evidence confirming the alleged oral modifications of the Note terms. However, even if there was confirmatory evidence of the modifications, Toscano has failed to show that his reliance on the alleged modifications was reasonable.

"When plaintiffs are sophisticated parties and the statement or omission relates to a business transaction that has been formalized in a contract, New York courts are generally reluctant to find reliance on oral communications to be reasonable." Wurtsbaugh v. Banc of America Securities LLC, 2006 WL 1683416, at *6 (S.D.N.Y. Jun. 20, 2006). The Second Circuit has observed this reluctance stems from a belief that "a party will not be heard to complain that he has been defrauded when it is his own evident lack of due care which is responsible for his predicament." Emergent Capital Inv. Mgmt. LLC v. Stonepath Group, Inc., 343 F.3d 189, 195 (2d Cir. 2003). Notwithstanding the fact that the merger clause precluded any oral modifications of the Note, Toscano, a sophisticated businessman, made no effort to confirm the alleged modifications with HSBC either before or after he received a notice of default. See Friesch-Groningsche Hypotheekbank Realty Credit Corp. v. Ward Equities, 188 A.D.2d 397, 398, 591 N.Y.S.2d 379 (1st Dep't 1992) (finding that defendant's fraudulent inducement defense did not raise a triable issue of fact because the defendant failed to offer any documentary evidence and the alleged oral modification of a $12.5 mortgage failed to meet the "threshold of believability").

Toscano chose instead to accept Brodsky's alleged oral representations and did so without requesting that the parties memorialize the revised terms. To the extent that such representations were ever made, Toscano's reliance on them was certainly not reasonable. Under the circumstances, Toscano's allegations of fraud are plainly

insufficient to survive summary judgment.  See M & T Mortgage Corp. v. Ethridge, 300 A.D.2d 286, 751 N.Y.S.2d 741 (2d Dep't 2002) (rejecting the plaintiff's fraudulent inducement defense as conclusory and unsubstantiated where the plaintiff alleged that she relied upon the plaintiff's oral representations in failing to pay the note at issue).

Toscano has failed to carry his burden to demonstrate that his default was induced by fraud.  Although the Court recognizes that reconsideration is an extraordinary remedy that should be used sparingly, the Court believes it is necessary in this case to correct a clear error - namely the Supreme Court's finding that Toscano's unsubstantiated allegations of fraud were sufficient to survive summary judgment.  See Breedlove v. Cabou, 296 F. Supp. 2d 253 (N.D.N.Y. 2003) (finding on a motion for reconsideration that a pre-removal state court decision dismissing the defendant's affirmative defenses was clearly erroneous).  Accordingly, upon reconsideration of the Supreme Court's decision, the Court finds that the Plaintiff's motion for summary judgment of foreclosure should be granted.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that, upon reconsideration, the Plaintiff's motion for summary judgment of foreclosure is **GRANTED**.

**SO ORDERED.**

Dated: Central Islip, New York
       March 12, 2009

                              ___*/s/ Arthur D. Spatt*___
                                   Arthur D. Spatt
                              United States District Judge