**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
4 B'S REALTY 1530 CR39, LLC,

                                               Plaintiff,                  Case No. **08-2694-ADS-ETB**

   - against -

ANGELO TOSCANO, SOUTHAMPTON BRICK AND TILE, LLC, UNITED STATES OF AMERICA, STATE OF NEW YORK, ABC CORP., XYZ CORP.,
(Said names being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entitles, if any, having or claiming an interest or lien upon the Mortgaged Premises.)

                                               Defendants.
-------------------------------------------------------------------------------X
ANGELO TOSCANO,

                                               Third-Party Plaintiff,

   - against -

BERT E. BRODSKY and BARNETT BROWN,

                                               Third-Party Defendants.
-------------------------------------------------------------------------------X

## PLAINTIFF'S HEARING MEMORANDUM OF LAW

LYNN, GARTNER & DUNNE, LLP
*Attorneys for Plaintiff*
*4B's Realty 1530 CR29, LLC*
330 Old Country Road, Suite 103
Mineola, New York 11501
(516) 742-6200

<u>Of Counsel</u>
Robert P. Lynn, Jr.
John W. Dunne
Stephen W. Livingston

**Preliminary Statement**

The Defendant, by submission of a Hearing Memorandum at close of the hearing before Magistrate E. Thomas Boyle on January 14, 2010, argues that the plaintiff's calculation of the amount due and owing under the mortgage is overstated. As support for this argument, the defendant, without any admissible evidence, seeks to reargue the effectiveness of his conditional tender on December 23, 2008. However, Judge Spatt previously held the defendant's conditional tender to be insufficient as a matter of law. (Trial Ex. 1 and 2). Defendant further sets forth, without admissible evidence that (a) the calculation of interest is incorrect; (b) the plaintiff is not entitled to late fees despite the plain language of the Note and Mortgage that upon default a 5% late fee shall be applied to the unpaid balance of the principal and interest; (c) that equity bars the plaintiff-assignee from collecting the full amount owed by the defendant under the Note and Mortgage; and (d) the legal fees are excessive because this case was not "by any measure extraordinarily complex." Thus, concludes the defendant, "[p]laintiff's wrongful conduct should result in the award of no interest from and after December 23, 2009."[1]

Each of the defendant's arguments is without merit.

At the hearing on January 14, 2010, this Court barred the defendant from rearguing the issue of the purported "tender" on December 23, 2008, as the decisions of Judge Spatt (submitted as trial exhibits "1" and '2' and on plaintiff's hearing papers as exhibits) constitute the law of the case.

Both parties agreed that the issue of the plaintiff's legal fees shall be decided by the Court and the plaintiff relies upon the Affirmation of Robert P. Lynn, Jr., Esq., dated December 30, 2009 along with the exhibits thereto, which was submitted to this Court along with the payoff

---

[1] It appears the year 2009 is a typo and the defendant intended the last sentence to read 2008.

schedule.

We agree with Toscano's position that in considering the reasonableness of the attorney's fees this Court should consider "the skill and experience of counsel, the magnitude, complexity and novelty of the litigation, the respective positions of the parties in the litigation and the extent of responsibility legitimately undertaken by counsel." (*See*, Toscano's Hearing Memorandum, p. 7). Thus, this Court should consider the experience of plaintiff's counsel in complex commercial litigation; the complexity of this litigation where plaintiff obtained summary judgment upon reconsideration of the decision of the state court decision after removal by the United States based on its tax lien against Toscano; that Judge Spatt held that the prior state court decision was a "clear error" and required this Court to grant reconsideration; and the defendant's refusal to withdraw his counterclaims arising under the mortgage even where Judge Spatt's March 12, 2009 decision all but dismissed Toscano's said counterclaim.

Toscano's claim that the plaintiff's conduct was somehow wrongful and prolonged this lawsuit is absurd. The record before this Court demonstrates that each and every application by Toscano (and his attorneys) has been denied by this Court. In contrast, each and every application by the plaintiff has been granted. The numerous decisions by Judge Spatt in this matter not only support the plaintiff's position but demonstrate the lack of merit to Toscano's position with respect to: the allegations of fraudulent inducement, the counterclaims, and the alleged tender. Toscano conveniently forgets that following Judge Spatt's decision holding that Toscano could not prove fraudulent inducement as a matter of law, plaintiff, in an effort to expedite the resolution of this case, requested Toscano stipulate to discontinue his meritless counterclaim. Consistent with his past practice, Toscano obstinately refused, insisted upon pressing his claims, thereby resulting in yet another successful motion for summary judgment by

the plaintiff (*See*, Trial Ex. 3).

Accordingly, the issues to be addressed herein are (1) the calculation of interest, (2) the late fees, and (3) whether equity bars the plaintiff from recovering the full amount due under the Note and Mortgage.

## ARGUMENT

### Amount Due Under the Note and Mortgage

Toscano argues that the calculation of the amount due under the Note and Mortgage is subject to equitable principles rather than the terms of the agreements.

This argument misunderstands the nature of the hearing.

Toscano is correct that foreclosure actions are equitable in nature. However, Toscano misunderstands the nature of the hearing to calculate the amount owed under the Note and Mortgage as this Court has already granted summary judgment of foreclosure.

The calculation of the amount due under the Note and Mortgage is governed by the terms therein. *See*, *SO/Bluestar, LLC v. Canarsie Hotel Corp*., 33 A.D.3d 985, 825 N.Y.S.2d 80 (2d Dep't 2006); *See also*, *243 West 98t Condominium v. Shapiro*, 12 A.D.3d 591, 786 N.Y.S.2d 87 (2d Dep't 2004) (referee required to hold hearing on notice to compute the principal, interest, late fees, and reasonable attorneys fees).

Indeed, the orders of this Court setting this matter down for a hearing confirm these principles. Judge Spatt's November 14, 2009 endorsed order sets forth "The Court hereby refers this matter to United States Magistrate Judge E. Thomas Boyle ***to compute the amount due and owing to the Plaintiff under the mortgage***." [emphasis added]. (*See*, Docket Entry 45).

As held in *Mortgage Electronic Registration Systems, Inc. v. Maki*, 9 Misc.3d 983, 801

N.Y.S.2d 515 (Sup. Ct. Seneca Co. 2005), the appointment of a referee to compute in a mortgage foreclosure action is authorized by New York Real Property Actions and Proceeding Law §1321 and "[i]n the absence of an infant or absentee defendant, a referee is appointed solely to ascertain the sum due plaintiff and to determine whether the premises can be sold in parcels." *Id*. at 985, quoting, *Bergman-Mortgage Foreclosures*, Section 20.03. The Court rejected the plaintiff's request that the referee determine the nature of the estate created by the deed reasoning that such a decision was outside the providence of the referee's appointment and more suitably addressed by motion to the Court. *Id*.

As held in *Fourth Fed. Savings Bank v. Nationwide Associates, Inc.*, 183 Misc.2d 165, 701 N.Y.S.2d 814 (Sup. Ct. NY Co. 1999), a referee who has been appointed by a Court to compute the amount due to a mortgagee in an action to foreclose a mortgage pursuant to RPAPL §1321, has no power beyond the order of reference. *See*, *L.H. Feder Corp. v. Bozkurtian*, 48 A.D.2d 701, 368 N.Y.S.2d 247 (2d Dep't 1975) (referee has no power beyond order of reference).

Judge Spatt appointed this Court only to compute the sum due and owing. Any issues collateral to the foreclosure are not before the Court, and its focus is limited to the amount due to the plaintiff under the Note and Mortgage based upon Toscano's default as of March 31, 2007.

### An Assignee of Mortgage Steps in the Shoes of Assignor

Were the Court to consider Toscano's argument regarding the assignment of the Note and Mortgage, New York law holds that an assignee of a mortgage stands in the shoes of the assignor and is permitted to recover the full amount due and owing by the obligor regardless of the consideration paid for the assignment.

It is black letter law in New York that an assignee of a mortgage steps in the shoes of the

assignor and is entitled to seek the entire amount due from the obligor even though the assignee may have paid less than that to the assignor as consideration. *See*, 6A N.Y. Jur.2d Assignments §65.

The recovery of the assignee is not subject to reduction based upon the amount paid in consideration for the assignment. *Trans-Resources, Inc. v. Nausch Hogan and Murray*, 298 A.D.2d 27, 34, 746 N.Y.S.2d 701 (1st Dep't 2002), citing, *Aetna Casualty & Sur. Co. v. McCullough*, 41 A.D.2d 161, 341 N.Y.S.2d 424 (1st Dep't 1973).

Here, the plaintiff obtained the assignment from the assignor-mortgagee, HSBC Bank, on October 4, 2007. Under all applicable authority in New York, the assignment is not subject to reduction based upon the amount paid in consideration for the assignment.

## Calculation of Late Fees and Interest

The first page of the promissory note states that upon maturity the amount of unpaid principal and interest shall become due. (Trial Ex. 4). The Note further reiterates at page 3 that upon any event of default "the balance of this obligation, together with interest thereon, shall immediately come due and payable." (*Id.*).

Plaintiff's expert testified that although the term "compound interest" was not expressly stated in the Note, this provision allows for the computation of compound interest as the interest would be calculated based on the unpaid principal and interest (which is compound interest).

The Note further provided that interest was to be calculated on a daily basis ("actual/360") which means that the daily rate is the default rate divided by 360.

The default rate is equal to the effective interest rate at the time of default plus 300 basis points. (Trial Ex. 4). Accordingly, the default interest rate is fixed—not to be recalculated as a variable rate based upon changes in the LIBOR rates as argued by Toscano.

With respect to late fees, the Note expressly provides that a "late payment charge of 5% of any principal or interest payment made more than ten (10) days after the due date thereof shall be due with any such late payment." (Trial Ex. 4).  Notably, the Note required interest-only payments during the term of the note and principal was to become due at maturity. (*Id*.).  The late payment provision expressly recognizes that upon maturity of the Note Toscano would be obligated to pay a late payment fee if he failed to pay the principal balance within ten (10) days thereof. *Compare*, *Centerbank v. D'Assaro*, et al., 600 N.Y.S.2d 1015 (Sup. Ct. Suffolk Co. 1993) (late fee for installment payments is not element of damages upon acceleration of the mortgage).

Accordingly, the plaintiff is entitled to interest as set forth in the affidavit of Mr. Linker submitted to this Court on December 30, 2009.

## **Conclusion**

Toscano repeatedly alleges plaintiff's "wrongful conduct" unnecessarily delayed the action resulting in additional interest and unnecessary legal fees.  The history of this case highlights the folly of this argument.  Toscano made the same argument in opposition to the plaintiff's motion for summary judgment.  Judge Spatt, ignored said argument and granted the plaintiff's motion in its entirety.  Toscano again argued alleged wrongful conduct when opposing the plaintiff's motion to dismiss the counterclaim and third party claims.  Judge Spatt dismissed all of Toscano's claims and, again, implicitly found plaintiff's conduct entirely proper.  In fact, upon reading both decisions, Judge Spatt does not suggest or insinuate plaintiff committed a single "wrongful" act or undertook any acts to unnecessarily delay or extend litigation.  Rather, plaintiff, faced with baseless counterclaims and third party claims, moved for summary judgment as a means to expedite a resolution, thereby preserving both client and judicial resources.

Plaintiff requests that the Court calculate the amount due and owing under the Mortgage and Note based upon the calculations set forth in its submission on December 30, 2009 based upon the provisions of the Note and Mortgage along with reasonable attorney's fees and expenses since that date, and the per diem interest rate.

Respectfully submitted,

**LYNN, GARTNER & DUNNE, LLP**
*Attorneys for Plaintiff 4B's Realty 1530 CR 39, LLC*

By: _____/s/_____
Stephen W. Livingston

330 Old Country Road, Suite 103
Mineola, New York 11501
(516) 742-6200